ROTHSTEIN'S, A CORPORATION; MAX WEINTRAUB AND ELIAS ROSENBERG, RESPONDENTS, v. LOUIS ROTHSTEIN AND ROTHSTEIN, INCORPORATED, A CORPORATION, APPELLANTS.

Submitted May 26, 1928—Decided October 15, 1928.

For the respondents, *Abraham Henig* (*Merritt Lane*, of counsel).

For the appellants, *Charles B. Clancy* (*Pitney, Hardin & Skinner, William H. Osborne, Jr., Carl A. Feick* and *Alfred F. Skinner*, of counsel).

The opinion of the court was delivered by·

MINTURN, J. The suit was for false representations tantamount to deceit, alleged to have been practiced upon the plaintiffs by the defendants under the following circumstances:

The defendant Louis Rothstein conducted a department store at 413 Springfield avenue, Newark, and had been conducting it for many years as owner of the business, which was incorporated under the title of the other defendant Rothstein, Incorporated. Desiring to sell the business, he placed it in the hands of Murray Appelbaum, a real estate agent.

The plaintiff Max Weintraub had been engaged in the clothing business in Brooklyn for many years, and the other plaintiff Elias Rosenberg had been in the department store business in the same city for a longer period. Through Appelbaum, the agent, they came in contact with Rothstein, who negotiated with them for the purchase of the Rothstein business.

The evidence in the case satisfies us beyond question that the plaintiff desired to purchase, not the merchandise and fixtures as such, but the going business which was then conducted by these defendants, and the evidence of Rothstein, as well as the evidence of Appelbaum, make it clear that it was a going business that was to be sold.

Weintraub testified that a representation was made by Rothstein that the gross business of the Rothstein, Incorporated, company was $350,000 for the year 1923, and that the expenses were $76,000; that the business had shown a net profit of eight to ten per cent. on the gross business, or $28,000, and that in 1921 he did a business of $393,000. Rothstein produced to them a book which showed the gross business as $343,000, which Rothstein supplemented by stating that there should be added $7,000, which he received by renting out the basement for the holidays for the sale of toys, which made the $350,000 as represented. The books showed the expenses on one page as a total for the year of 1923 as $76,000. Rothstein also stated that his own salary of $150 a week was included in the $76,000 shown on the expense sheet.

At that time no agreement was reached, but a few days later they reached an agreement under the terms of which the business was to be purchased at a price to be fixed at one hundred cents on inventory value of the merchandise and the cost price to him of the fixtures, which was fixed at $25,000. The former representations were at that time repeated, in view of the fact that the plaintiffs had made an offer which was much less than that proposed by the defendants under these representations.

The plaintiffs examined the inventory, and the merchandise showed a value of $117,500 at one hundred per cent. of the inventory.

On January 21st, 1924, a contract was made between Rothstein, Incorporated, and Rosenberg and Weintraub, which recites that Weintraub and Rosenberg are desirous of purchasing the business now conducted by Rothstein, Incorporated. The price of the merchandise was fixed at $117,500 with a provision that there might be an investigation of the

inventory and an appropriate reduction or increase, as the case might be, based on one hundred per cent. of the inventory; and the price of the fixtures was fixed at $25,000, the sale to take effect as of January 21st, 1925. The defendant Rothstein, Incorporated, agreed to procure a lease of Louis Rothstein and Dora Rothstein on the property in which the business was conducted.

The contract further provided that a bill of sale should be made to a corporation about to be formed by Weintraub and Rosenberg, and that the payment of the consideration should be made $5,000 in cash, which was paid at the time of the signing of the agreement, and $70,000 on the 25th day of January, and the balance in promissory monthly notes of $2,000 each until the entire balance should be paid. The notes so to be given were to be made by the corporation, endorsed personally by Weintraub and Rosenberg and their wives, and the plaintiffs were given the right to the use of the name Rothstein, Incorprated, while Weintraub and Rosenberg were to become sureties on the lease.

A bill of sale was duly delivered by Rothstein, Incorporated, to the plaintiff Rothstein's, which was the corporation formed by Weintraub and Rosenberg for the purpose of taking over the business. The bill of sale transferred "the entire stock of merchandise and fixtures, together with the good will of the business located at 413, 415, 417, 419 Springfield avenue, Newark, New Jersey, except the personal belongings of Louis Rothstein."

The question at issue upon the trial was whether or not certain representations were made which practically amounted to false representations tantamount to deceit, and upon this question there was testimony *pro* and *con,* which, under the charge of the court, was properly left to the jury for their consideration. *It will serve no useful purpose to discuss this evidence in detail for the purpose of elucidating the questions of law which are presented upon the argument,* except to state that at the trial no attempt was made by the defendants to prove the truth of the representations that were made. The defense consisted of a denial that the representations had been made, and a claim that if they had been made Wein-

traub and Rosenberg should have discovered their falseness before making the agreement, and that they practically entered into the agreement with their eyes open to the true situation, nothwithstanding the falsity of the representation.

The experts for the plaintiffs show that under the true situation of the business its value should have been fixed at not more than sixty per cent. of the inventory of the merchandise, which would be approximately $70,000, making a total real value of approximately $82,000 as against the amount paid by the plaintiffs of $142,000, or a difference of $60,000.

The case was submitted to the jury upon substantially this state of facts, varied in details by the testimony of different witnesses, and the jury rendered a verdict for $25,000.

The defendants obtained a rule to show cause, reserving exceptions, which rule the court, after hearing, subsequently discharged, and this appeal is taken from the judgment entered upon the verdict of the jury.

A judgment of nonsuit was entered as to Rothstein, Incorporated, and their status is not before us for consideration.

The several counts involved in the complaint other than for deceit were also dismissed, so that the action was tried and presented to the jury entirely upon the question of whether or not the defendants in selling the business were guilty of. false representations and deceit.

The appeal is based upon the denial of a motion for a nonsuit and a direction of a verdict, as well as exceptions to the charge of the court, and the court's refusal to charge as requested.

We think the motion to direct a verdict in favor of the defendant for six cents damages was properly denied on the merits. The motion was based upon the theory that there was no proof of substantial damage between the real and personal value of the property; but we find ample proof in the testimony, both on the part of Rosenberg, Kossove and Federman, all of whom base their value of going business with the stock and contents on the percentage of cost according to the annual profit. This, of course, was contradicted by others,

but, in any event, it presented a jury question, and the court was correct in leaving it to the jury for their consideration.

It was also contended for the defendants that it was error to refuse to direct a verdict for six cents as to the plaintiff Rosenberg. We think the same argument applies to that situation, although the point is merely stated and is not argued by counsel in the case. We think the question was properly submitted by the court to the jury.

It is also insisted as a ground of error that the court refused to charge, "If you find from the evidence that the plaintiff Weintraub and Rosenberg, or either of them, were able by reason of intelligence and experience, together with opportunity for investigation, observation and inquiry to judge for themselves the probable profits from the business they proposed to carry on at the leased premises, your verdict should be for the defendants." This request put an absolute burden equivalent to *caveat emptor* upon the plaintiffs, and if charged as requested the plaintiffs were not entitled to rely on any representation of the defendant, provided they had the ability and discernment to make their own investigation, and not rely upon the representations of the defendants. As a legal proposition its effect would be to eliminate the whole theory of the action of deceit at the common law, which is based upon false representations relied upon by the plaintiff, and we therefore have concluded that that request was properly refused.

It is next argued that the court was in error in refusing to charge as follows: "If the plaintiffs have failed to satisfy you by a preponderance of evidence that the value of the merchandise and fixtures purchased was less than represented by defendant, your verdict should be for the defendant Rothstein." The defect in this request is that it ignores the essence of the action, which is that of the sale of the business and the good will thereof, which we have already pointed out was an essential part of the entire transaction.

It is also argued that the court was in error in refusing to charge, "If the plaintiffs have failed to satisfy you that a representation was made by the defendant as to the value of the goods and fixtures they were buying, on which they rea-

sonably relied, and which was false, your verdict should be for the defendant Rothstein." The previous objection which we have urged is also chargeable to this request. The plaintiffs were buying a business and not a stock and the fixtures of the business. Their theory of the case, to support which they produced ample evidence, was that the value of the business was to be estimated in terms of the fair cost of the stock and fixtures as affected by the percentage of profit on gross sales. Hence, any request predicated upon the value of stock and fixtures alone as a basis for instructing the jury to find for the defendant is fundamentally faulty.

It is also urged that the court's charge dealing with misrepresentations as to the volume of business was incorrect. This item of damages was claimed in the complaint but was eliminated as a ground of recovery in the charge, and hence the failure to charge it was not error.

Another point urged as a basis for reversal was the refusal to charge, "If the representation made to the plaintiffs was made as to the profits plaintiffs might make, and not to the profits Rothstein had made, the verdict should be for the defendant Rothstein." The court charged this, adding the words: "In so far as that representation is concerned, I do not think there are other representations, as I now recall it." This left the question to the jury, and we think there was no harmful error in that respect.

The other points urged by the defendants attack various passages of the charge as legally incorrect, without quoting them, and these we are not obliged, under *State* v. *Blaine,* 104 *N. J. L.* 325, to consider as grounds for reversal. On the merits, however, we think the questions involved therein were properly submitted to the jury for consideration.

Our consideration of the entire case leads us to the conclusion that the judgment appealed from should be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.

*For reversal*—None.